# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| MELODIE ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-05084-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

**Discussion**

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative disk disease and degenerative joint disease of the cervical, thoracic and lumbar spines; remote history of bilateral carpel tunnel syndrome status post right side release; history of cerebral infarction; major depressive disorder, recurrent, severe without psychotic features; generalized anxiety disorder; attention-deficit hyperactivity disorder ("ADHD"); and personality disorder. The ALJ also determined that Plaintiff has the following non-severe impairments: hypertension, and right elbow lateral epicondylitis. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing").

Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except can lift and carry 20 pounds occasionally, 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit up to 6 hours in an 8-hour workday; no repetitive pushing/pulling with the right dominant upper extremity; no climbing ladders, ropes and scaffolding; occasionally climbing of ramps and stairs; occasional balancing and stooping; no kneeling, crouching or crawling; can perform frequent reaching, handling, fingering and feeling with the right dominant upper extremity; must avoid concentrated exposure to vibrations and hazards such as unprotected heights and dangerous moving machinery; and can perform simple, routine repetitive tasks, in other than fast-paced production environment, requiring no contact with the general public and occasional, superficial interaction with co-workers and supervisors. Although the ALJ determined that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the ALJ improperly discounted the medical opinions of Mr. Shawn Brown, Mr. Seth Jackson, and Dr. Steven Adams. Mr. Brown is Plaintiff's nurse practitioner. Mr. Jackson, is Plaintiff's licensed counselor and social worker. Dr. Adams is Plaintiff's examining psychologist. The ALJ found Mr. Brown's opinions less persuasive. The ALJ found the opinions of Mr. Jackson and Dr. Adams not persuasive.

An ALJ is required to weigh all medical source opinions and "always give good reasons for the weight given to a treating source's opinion." SSR 96-2p, 1996 WL 374188 at *5 (Soc. Sec. Admin. July 2, 1996). Agency rules concerning the evaluation of medical opinions changed significantly for claimants who filed their claims on or after March 27, 2017. 20 C.F.R. § 404.1520c. Here, the application was filed on May 4, 2017, and thus, the new agency rules apply. Among the new changes, the agency explained that it will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) … including those from your medical sources." *Id.* Further, the new regulations eliminated the term "treating source," as well as the treating physician rule. *See id.*; *see also Jones v. Berryhill*, No. 2:18-CV-10 PLC, 2019 WL 1597411, at *3 (E.D. Mo. April 15, 2019). "Under current regulations, a treating physician's opinion is entitled to no special deference." *Jones*, 2019 WL 1597411 at *3 n.3. Specifically, under the new regulations, an ALJ is directed to articulate how persuasive he finds all of the medical opinions in the record. 20 C.F.R. § 404.1520c(b). The most important factors in evaluating medical opinions are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). While there are other factors, an ALJ is not required to articulate each and every factor for every medical opinion. *See id.* The parties do not dispute the ALJ articulated how persuasive he found each medical opinion and that the ALJ considered the relevant factors in coming to his decision. Thus, the only issue on appeal is whether the ALJ's evaluation of the medical opinions was supported by substantial evidence.

**I.     There was Substantial Evidence to Support the ALJ's Evaluation of Mr. Brown's Opinion**

Regarding the medical source statement ("MSSP") opinions of Mr. Brown, the ALJ found the opinions to be less persuasive. (Tr. 19.) The ALJ found Mr. Brown's MSSP opinions to be inconsistent with (1) Mr. Brown's own physical examination, (2) Mr. Brown's 2018 MSSP opinion, which noted improvement in Plaintiff's abilities, and (3) the overall record which failed to document significant debilitating abnormalities. (Tr. 19.) First, Mr. Brown opined that Plaintiff could do light work, needs to shift positions from sitting, standing or walking, would need to take unscheduled breaks, and be absent or leave early; the ALJ noted these opinions. (Tr. 19, 690-92.) Second, the ALJ also noted that Mr. Brown's opinions were inconsistent with Mr. Brown's own physical examinations which found normal gait and station; normal spine alignment with no deformity; normal range of motion of all four extremities with no joint enlargement or tenderness;

3

no focal deficits; intact cranial nerves; normal sensation, reflexes and coordination; and normal muscle tone and strength, and no real pain of the musculoskeletal system. (Tr. 19, 531, 550, 568, 836-37, 859-60, 886-87.) Additionally, the ALJ noted that Mr. Brown's 2018 MSSP opinion noted improvement from his 2017 MSSP opinion. (Tr. 19, 689-92, 826-29.) Third, the ALJ found Mr. Brown's opinions less persuasive because it was inconsistent with the record as whole, which failed to document debilitating abnormalities. (Tr. 19, 494, 504, 780, 801, 810, 1308, 1395.) The ALJ properly considered the consistency of the opinion with other evidence in the record. 20 C.F.R. §404.1520c(c)(2).

Finally, the ALJ noted the opinion was in the form of a check box type form with little narrative to support. (Tr. 19.) The Eighth Circuit has held a check box type of form may be afforded less weight. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) ("The ALJ properly discounted Dr. Burstain's opinion because it was conclusory. The opinion consists of three checklist forms, cited no medical evidence, and provides little to no elaboration.") Therefore, there is substantial evidence in the record to support the ALJ's finding that Mr. Brown's opinion was less persuasive.

## II. There was Substantial Evidence to Support the ALJ's Evaluation of Mr. Jackson's Opinion

The ALJ found Mr. Jackson's opinion not persuasive. (Tr. 19.) Mr. Jackson opined Plaintiff would be off task 25% or more, would miss work approximately 4 days per month, is limited in her ability to work in coordination with others, has markedly limited ability to complete a normal workday and workweek, and has marked and extreme limitations in her abilities to interact and adapt. The ALJ found Mr. Jackson's opinion was not supported by Mr. Jackson's own mental status examination findings. (Tr. 20.) Those mental status examination findings noted that Plaintiff was generally polite; interactive, with good eye contact; casual appearance; no suicidal or homicidal ideations; and normal rate and tone of voice. (Tr. 20 (citing Tr. 495, 498, 510, 524, 538, 831, 842, 845, 854, 864, 866, 876, 897, 911, 917.)) Further, the ALJ found Mr. Jackson's opinion was inconsistent with the overall record. (Tr. 20, citing (Tr. 595, 598, 600,602, 605, 641, 673, 708, 780, 801, 810, 1308.)) Moreover, the ALJ noted additional inconsistencies between Mr. Jackson's opinion with Plaintiff's daily activities and with Mr. Jackson's advice that Plaintiff consider looking for work or a volunteer opportunity. (Tr. 20, (citing Tr. 496, 847, 854, and Plaintiff's testimony.)) The ALJ properly evaluated the consistency of Mr. Jackson's opinion

when determining its persuasiveness. 20 C.F.R. § 404.1520c(C)(2). Lastly, the ALJ noted that Mr. Jackson's opinion was in the check box type form. *See Wildman*, 596 F.3d at 964. Therefore, there is substantial evidence in the record to support the ALJ's finding that Mr. Jackson's opinion was not persuasive.

**III.     There was Substantial Evidence to Support the ALJ's Evaluation of Dr. Adam's Opinion**

The ALJ also found the opinion of Dr. Adams not persuasive. The ALJ reasoned that Dr. Adams' opinion was not supported by Dr. Adams' own observations; appeared to be based on Plaintiff's own subjective reports and descriptions of her symptoms; the fact that Dr. Adams reported Plaintiff "appeared to exaggerate some of her symptoms;" and that Dr. Adams' opinion was inconsistent with the record as a whole. (Tr. 20.) The ALJ again cites to numerous instances in the record to support these findings. The ALJ complied with 20 C.F.R § 404.1520c by explaining how persuasive the opinion was; considering how supported the opinion was; and considering the consistency of the opinion with other evidence. Specifically, regarding Plaintiff's apparent exaggerations, exaggerations are a proper consideration for an ALJ. *See Reece v. Colvin*, 834 F.3d 904, 909-10 (8th Cir. 2016) (opinion afforded less weight when based on subjective complaints rather than objective medical evidence) (citation omitted); *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014) (ALJ properly considered exaggeration). Furthermore, even though Plaintiff did have mental limitations, the ALJ found Dr. Adam's opinion (that Plaintiff's mental limitations would preclude work) inconsistent with the record as a whole, which failed to demonstrate debilitating abnormalities due to mental impairments. Thus, The ALJ's evaluation of Dr. Adams' opinions was supported by substantial evidence.

**IV.     The ALJ's Determination was Supported by Substantial Evidence**

Finally, Plaintiff makes several arguments that the record supports the opinions of Mr. Brown, Mr. Jackson, and Dr. Adams and that the RFC was not supported by the evidence. However, it is irrelevant whether or not other findings could be reached based on the same record. A court should disturb an ALJ's decision only if it falls outside the available zone of choice. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006). Even if a Plaintiff can identify a preferred or alternative finding based on the record, it does not necessarily warrant disturbing the ALJ's decision. *See id.* Here, as explained above and in the briefs, the ALJ's findings and decision complied with the relevant regulations and was supported by substantial evidence.

Furthermore, the ALJ's decision was based on an evaluation of the State Agency psychological consultant, James Morgan, PhD, and the opinion of Roy Holland, M.D. Dr. Morgan opined that Plaintiff could still perform and persist with simple tasks, with limited contact with the general public, in a noncomplex work environment. (Tr. 145.) Plaintiff argues these opinions should have been afforded less weight because they were non-treating physicians and lacked pertinent evidence. However, the ALJ took the additional evidence into consideration when weighing the opinions and noted additional limitations accordingly. (See Tr. 18.) As to Plaintiff's arguments that these opinions should have been afforded less weight because they were non- treating doctors, in appropriate circumstances, an ALJ may afford greater weight to opinions from state agency medical and psychological consultants than the opinions of treating or examining sources. *Ponder v. Colvin*, 770 F.3d 1190, 1195 (8th Cir. 2014) (citing SSR 96-6P, 1996 WL 374180 at *3, (July 2, 1996)). The ALJ, from the record and reasons discussed above, based his decision on substantial evidence within the record. Thus, even if the evidence and record could support a determination that Plaintiff was disabled, because the ALJ's decision was supported by substantial evidence, it must not be disturbed.

**Conclusion**

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision. **IT IS THEREFORE ORDERED** that the decision of the ALJ is **AFFIRMED**.

 **IT IS SO ORDERED.**

            s/ Roseann A. Ketchmark
            ROSEANN A. KETCHMARK, JUDGE
            UNITED STATES DISTRICT COURT

DATED: October 23, 2019